UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                         2:03-cr-5-FtM-29DNF

CRAIG AMBROSE
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's letter received February 22, 2007, which the Court will construe as a Motion for Credit for Time Served (Doc. #160).  Defendant seeks a determination of when he started getting credit towards his federal sentence.  The Court has no power to give defendant credit for time served or to answer his question.  United States v. Wilson, 503 U.S. 329, 336 (1992); United States v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990).  Only the Bureau of Prisons, as the designated agent of the Attorney General, has the authority to determine initially the amount of credit a federal prisoner should receive.  Wilson, 503 U.S. at 335-36; Lucas, 898 F.2d at 1556.  A federal inmate who disagrees with the calculation of the Bureau of Prisons must exhaust all administrative remedies and then may file a petition in federal court pursuant to 28 U.S.C. § 2241 naming the warden as defendant.  E.g., Rodriquez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995).  Accordingly, the motion is due to be denied without prejudice to filing an appropriate petition pursuant to 28

U.S.C. § 2241 in the district of incarceration if defendant has exhausted his administrative remedies.

Accordingly, it is now

**ORDERED**:

Defendant's Letter Motion for Credit for Time Served (Doc. #160) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __26th__ day of February, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:
Craig R. Ambrose
Counsel of Record